KENNETH RALPH SANDERS, EMPLOYEE, PLAINTIFF V. BROYHILL FURNITURE INDUSTRIES, INSURED (TRIGON ADMINISTRATORS, ADMINISTERING AGENT), EMPLOYER, DEFENDANT

No. COA97-1445

(Filed 17 November 1998)

**1. Workers' Compensation— credibility determination—deference due the deputy commissioner's determination**

The Industrial Commission in a workers' compensation action gave proper deference to the credibility determination of the deputy commissioner in its reversal of the deputy commissioner's decision.

**2. Workers' Compensation— Form 18 not timely filed—no prejudice**

The Industrial Commission did not err in a workers' compensation action by finding that plaintiff's failure to timely file a Form 18 was reasonably excused where plaintiff testified that he told his supervisor about his injury and the Commission specifically found that defendant knew about the injury; moreover, assuming that defendant did not know about the injury, defendant presented no evidence that it was prejudiced in any way by the ten month delay in filing the claim.

**3. Workers' Compensation— medical treatment—designed to effect relief**

The Industrial Commission did not err in a workers' compensation action by finding that plaintiff's medical treatment was

designed to effect a relief, give a cure, or lessen the period of disability where there was evidence to support the finding that plaintiff first went to his family doctor and was then seen by a series of physicians and therapists, each upon a valid medical referral, and that plaintiff was not attempting to find support for his claim but was following the recommendations and referrals of his medical providers in an attempt to improve his condition.

**4. Workers' Compensation— continuous disability—evidence sufficient**

The Industrial Commission did not err in a workers' compensation action by concluding that plaintiff had been continuously disabled since 17 December 1991. Several doctors noted that plaintiff was in extreme pain because of his work related injury, plaintiff's neurosurgeon advised defendant that plaintiff was totally disabled and would not be able to return to manual labor, and vocational consultants concluded after extensive testing that plaintiff was not capable of returning to his prior position.

Appeal by defendant from an opinion and award entered 15 August 1997 by the full Commission. Heard in the Court of Appeals 21 September 1998.

In December 1991, plaintiff was 52 years old and had been employed by defendant for approximately 32 years. On 17 December 1991 as plaintiff was pulling a load of "stock" on a flatbed truck, the load got stuck on a bolt in the floor. Plaintiff started pushing the truck and the "standard" that held the load on the truck broke. Plaintiff twisted and fell to the floor. He felt a "sharp, sickening pain" in his back and had to hold onto something until the pain subsided.

After the accident, plaintiff had a co-worker help him push his load because he could not do it himself. Plaintiff testified that he told his job supervisor, Dwight Davis, about his back injury. Dwight Davis denies that he was ever told about the injury. After work that evening, plaintiff could barely walk.

The next day, plaintiff returned to work but could not do his job alone. Throughout the week after plaintiff's injury, a co-worker, Morris Parsons, occasionally helped plaintiff with his work. During plaintiff's Christmas vacation, plaintiff spent most of his time in bed. After vacation, he tried to work for two days but was unable to perform his job. Plaintiff then went to his family doctor, Dr. Carpenter, who referred plaintiff to Dr. David Jones, a neurosurgeon. Dr. Jones

performed surgery on plaintiff in February 1992. After surgery, plaintiff was still in pain and continued to take pain medication.

Plaintiff filed 13 weeks of disability under his insurance plan before filing his workers' compensation claim. Plaintiff testified that he did not understand how workers' compensation benefits worked. Until plaintiff spoke with his attorney, plaintiff thought an employee had to be totally disabled before he or she was allowed to file a claim. Reba Cobb, an insurance clerk for defendant, testified that she did not know plaintiff's injury was work-related until he filed his Form 18.

Plaintiff was evaluated by Vocational Consultants at Blue Ridge Vocational Services on 11 October 1993. The consultants concluded that plaintiff had a "great deal of difficulty with any physical exertion" and had a limited tolerance for standing and sitting. The consultants also concluded that plaintiff was not able to return to his previous work.

On 23 February 1994, the deputy commissioner entered an opinion and award denying plaintiff's workers' compensation claim. The full Commission overturned the deputy commissioner. In a two-to-one decision the full Commission found that plaintiff suffered a compensable injury by accident; that plaintiff's medical treatment was designed to effect a cure or lessen the period of disability; that defendant was not prejudiced by plaintiff's failure to timely file a Form 18, and that plaintiff had been continuously disabled since 17 December 1991.

Defendant filed a notice of appeal with the North Carolina Court of Appeals. In an opinion filed 3 December 1993, this Court reversed the full Commission and remanded the case for proper consideration of the deputy commissioner's findings on credibility. Plaintiff then petitioned the Court of Appeals for rehearing and petitioned the Supreme Court for discretionary review. Both petitions were denied. The full Commission then re-reviewed the record without a hearing and in an opinion and award renewed its reversal of the deputy commissioner and awarded plaintiff workers' compensation benefits. Defendant now appeals.

*N. Douglas Beach, Jr., for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by J.A. Gardner, III and Erica B. Lewis, for defendant-appellant.*

SANDERS v. BROYHILL FURNITURE INDUS.

[131 N.C. App. 383 (1998)]

EAGLES, Chief Judge.

**[1]** First we consider whether the full Commission failed to give proper deference to the deputy commissioner's credibility determination. Defendant argues that the full Commission did not acknowledge the general rule that deputy commissioners are in a better position to judge credibility as mandated by *Sanders v. Broyhill.* Defendant further argues that plaintiff's ignorance of workers' compensation law is not a valid justification for finding plaintiff credible.

We reaffirm our holding in *Sanders v. Broyhill Furniture Industries,* 124 N.C. App. 637, 640-41, 478 S.E.2d 223, 225-26 (1996), *disc. review denied,* 346 N.C. 180, 486 S.E.2d 208 (1997). In *Sanders* we held that

> prior to reversing the deputy commissioner's credibility findings on review of a cold record, the full Commission must, as it did in Pollard, demonstrate in its opinion that it considered the applicability of the general rule which encourages deference to the hearing officer who is the best judge of credibility. . . . What we require today is documentation that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one. In doing so, we encourage the full Commission to include findings showing why the deputy commissioner's credibility determination should be rejected.

*Id. But cf. Holcomb v. Pepsi Cola Co.,* 128 N.C. App. 323, 325, 494 S.E.2d 609, 610 (1998).

Here in finding of fact number five, the full Commission found

> 5. The Deputy Commissioner who initially heard this matter found plaintiff's sworn testimony regarding the cause and extent of his injury not to have been credible. The Full Commission, however, finds to the contrary, that plaintiff's testimony relating to his injury and its cause was credible. The Full Commission's finding on this issue is based, in part, on plaintiff's lack of understanding in general of the workers' compensation system and with the specific requirements related to reporting his injury and filing his claim. Additionally, the Full Commission finds that any inconsistencies in plaintiff's testimony are not indicative of any deception on his part, and further, are reasonably explained given his unfamiliarity

with the workers' compensation system and the nature of the proceedings before the Industrial Commission.

The full Commission met the *Sanders* standard. The Commission recognized and considered that the deputy commissioner found plaintiff not to be credible but disagreed with the deputy's credibility determination. The Commission went on to explain the rationale behind its decision. The Commission stated that it was plaintiff's unfamiliarity with the workers' compensation system and not a propensity to lie that led to the inconsistencies within plaintiff's testimony. After reviewing the record on appeal, it is clear that there was competent evidence to support the full Commission's findings of fact and conclusions of law. Accordingly, the full Commission's decision to reverse the deputy commissioner's decision is affirmed.

[2] Next, we consider whether the Industrial Commission erred in finding that plaintiff's failure to timely file a Form 18 was reasonably excused. Defendant contends that it had no notice of plaintiff's alleged work injury until the Form 18 was filed in September 1992. Defendant argues that it was prejudiced because the employer was unable to investigate the alleged work accident on 17 December 1991 and was unable to direct plaintiff's medical care. After careful review, we disagree.

In reviewing a decision of the Industrial Commission, we are limited to two questions: 1) whether there is any competent evidence before the Commission to support its findings of fact; and 2) whether the findings of fact justify the Commission's conclusions of law. *Guy v. Burlington Industries*, 74 N.C. App. 685, 689, 329 S.E.2d 685, 687 (1985).

Here, the Industrial Commission found in finding of fact number ten that

> [p]laintiff's failure to provide written notice to the employer of his injury within the thirty days is reasonably excused and did not prejudice defendant in any manner. Defendant had actual knowledge of plaintiff's injury through his reporting it to his supervisor, Mr. Davis.

Assuming defendant did not know about plaintiff's work injury, defendant presented no evidence that it was prejudiced in any way by plaintiff waiting ten months to file his workers' compensation claim. Moreover, the Industrial Commission specifically found that the defendant employer knew about plaintiff's injury. Plaintiff

testified that he told his supervisor Mr. Davis about his injury at work. Accordingly, there was competent evidence to support the Commission's findings of fact and this assignment of error is overruled.

[3] Next, we consider whether the Industrial Commission erred in finding that plaintiff's medical treatment was designed to effect a relief, give a cure, or lessen the period of disability. Defendant argues that plaintiff was not referred to some of his doctors by specialists and as a result, plaintiff's treatment should not be considered "medical treatment" under G.S. 97-2(19). Defendant further argues that plaintiff had hip pain prior to the 17 December 1991 work injury. After careful review, we disagree.

The Industrial Commission found that the first doctor plaintiff went to see was plaintiff's family doctor, Dr. Carpenter. The Commission further found that

[a]though plaintiff was seen by a series of physicians and therapists, each was seen upon a valid medical referral. The Full Commission finds that plaintiff was not attempting [sic] find a medical provider to support his claim, but rather was following the recommendations and referrals of his medical providers in an attempt to improve his condition.

Because there was competent evidence to support the Commission's finding of fact, the defendant's assignment of error is overruled.

[4] Finally, we consider whether the Industrial Commission erred in concluding that plaintiff had been continuously disabled since 17 December 1991. Defendant argues that there was no evidence that the work related injury caused defendant's medical problems and inability to work. In determining whether there is a "disability" there must be competent evidence to support findings of fact that an employee is incapable of earning the same wages which the employee was receiving at the time of the injury in the same or any other employment as a result of the specific traumatic incident at work. *Gilliam v. Perdue Farms*, 112 N.C. App. 535, 536, 435 S.E.2d 780, 781 (1993).

Here, several doctors noted that plaintiff was in extreme pain because of plaintiff's work related injury. In addition, Dr. Jones advised defendant employer that plaintiff "was totally disabled" and that plaintiff would "not be able to return to a position requiring manual labor." After extensive testing, Vocational Consultants at the Blue Ridge Vocational Services also concluded that plaintiff was not capa-

LOCKLEAR v. STEDMAN CORP.

[131 N.C. App. 389 (1998)]

ble of returning to his prior position with defendant employer. Accordingly, there was sufficient evidence to support the Industrial Commission's conclusion that plaintiff had been continuously disabled since 17 December 1991. This assignment of error is overruled.

Affirmed.

Judges LEWIS and HUNTER concur.