* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and named employer. *Page 2 
3. The carrier liable on the risk is correctly named.
4. The employee's average weekly wage will be determined from an Industrial Commission Form 22 wage chart to be provided by the defendants with supporting wage information.
5. The employee sustained a compensable injury on May 22, 2006.
6. The following documents were admitted into the record as stipulated exhibits for I.C. No. 676747:
 a. Plaintiff's medical records;
 b. Industrial Commission Forms;
 c. Plaintiff's answers to defendants' discovery; and
 d. Defendants' answers to plaintiff's discovery.
7. The following documents were admitted into the record as stipulated exhibits for I.C. No. 683656:
a. Plaintiff's medical records; and
b. Industrial Commission Forms.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the evidentiary hearing, plaintiff was 49 years old. Plaintiff began working for defendant-employer on June 16, 1996 as a tire builder.
2. Plaintiff alleges two separate and distinct injuries by accident. Plaintiff contends she sustained an injury by accident or occupational disease on or about March 14, 2006 to her *Page 3 
neck, left shoulder and arm under I.C. No. 676747. Defendants have denied plaintiff's claim under I.C. No. 676747. Plaintiff sustained a compensable injury to her lower back on May 22, 2006 under I.C. No. 683656, which defendants accepted.
3. On March 14, 2006, plaintiff experienced left arm and shoulder pain and went to Nash General Hospital where she was examined and released. Plaintiff reported having bilateral shoulder pain, worse on the left, for one month. The medical record indicates that plaintiff reported no known injury or single event that caused plaintiff's symptoms.
4. Plaintiff went to Pitt County Memorial Hospital on March 15, 2006 where she complained of left sided neck, shoulder, and arm down to hand pain with an onset of approximately one month prior. Plaintiff reported that she performed repetitive work with a lot of upper body movement. Plaintiff was diagnosed with muscle spasm and instructed to follow-up with her family physician.
5. Plaintiff sought treatment with her family physician, Dr. Myriam Daniel, on March 20, 2006. Dr. Daniel diagnosed plaintiff with left shoulder tendonitis and referred her to Dr. James Nelson, an orthopedist.
6. Dr. Nelson examined plaintiff on March 23, 2006 wherein plaintiff reported experiencing left shoulder pain for one month. Dr. Nelson injected plaintiff's shoulder with Xylocaine and Triamcinolone and recommended a referral to a neurologist, due to possible radiculopathy, if the pain did not improve within ten days.
7. Dr. Nelson released plaintiff to return to regular duty work on March 23, 2006. However, when plaintiff presented the notes to the plant nurse, she was informed that she could not return to work due to the medications she was taking. Plaintiff stopped taking her medications before work and returned to work full-duty on April 1, 2006. *Page 4 
8. Plaintiff did not report any accident to defendant-employer and did not notify defendant-employer that she believed her left neck, shoulder, and arm pain were related to her work duties until July 31, 2006, four months after her visit to Nash General Hospital. At that time, plaintiff reported to defendant-employer that she wanted her shoulder condition to be covered under workers' compensation. Defendants denied plaintiff's claim.
9. Plaintiff continued to work full-duty until May 22, 2006.
10. On May 22, 2006, plaintiff was unsticking a roll of body ply when she experienced pain in her lower back and down her left leg. She reported the incident to defendant-employer and was examined by the plant physician, Dr. Wiley T. Cockrell, Jr., and again reported pain in her lower back and down her left leg. Plaintiff reported to Dr. Cockrell that is was a loose jam and that another co-worker helped her clear it. She stated that she did not have to pull hard or do much to get it cleared.
11. Plaintiff returned to Dr. Cockrell on May 26, 2006 for a re-check of her lower back pain at which time plaintiff reported that she was doing better and was going on vacation. Plaintiff was able to stand, twist, turn, and her symptoms were gone. Plaintiff was released to return to work full duty. Plaintiff made no mention of her left shoulder pain during either of her visits with Dr. Cockrell.
12. Plaintiff continued to work full-duty until July 28, 2006 when Dr. Daniel, plaintiff's family physician, restricted plaintiff from lifting or pushing based upon plaintiff's worsening complaints of neck pain. Plaintiff related to Dr. Daniel the May 22, 2006 incident and claimed that she experienced pain in her neck due to that incident. However, plaintiff did not report neck pain at the time of the May 22, 2006 incident or when she was re-examined by Dr. Cockrell and returned to work full-duty on May 26, 2006. *Page 5 
13. Dr. Daniel scheduled an MRI of plaintiff's cervical spine which revealed a broad-based cervical disc bulge at the C3-C4 level indenting the thecal sac, a disc herniation at the C4-C5 level and disc bulging at C5-C6 and C6-C7 levels. Based upon the results of the MRI, plaintiff was referred to Dr. Scot E. Reeg, an orthopedic surgeon.
14. Plaintiff was examined by Dr. Reeg on September 1, 2006. Plaintiff reported that her neck pain began in March 2006 and related it to performing repetitive motion at work. Dr. Reeg diagnosed plaintiff with cervical spinal stenosis and recommended cervical steroid injections. Plaintiff was taken out of work until after the injections took place. Thereafter, plaintiff did not have the injections and never returned to Dr. Reeg.
15. Plaintiff was next examined by Dr. F. Douglas Jones of Eastern Neurosurgical and Spine Associates on October 5, 2006. Plaintiff reported neck and bilateral arm pain and related an incident at work occurring in March 2006 wherein she got jerked while trying to maneuver a roller from a conveyor line and felt a shooting sensation that went through her arms and down her legs. Dr. Jones ordered a cervical myelogram and CT scan. The tests revealed neural foraminal stenosis at multiple levels of plaintiff's cervical spine but no evidence of cord compression. Dr. Jones did not think plaintiff was a candidate for surgery and recommended continued conservative treatment.
16. Plaintiff was ultimately referred to a plain clinic by Dr. Jones after cervical traction failed to reduce plaintiff's symptoms.
17. Dr. Nelson opined that plaintiff's job duties could have placed her at an increased risk of developing problems with her shoulder. *Page 6 
18. Dr. Reeg opined that plaintiff's job duties combined with plaintiff's underlying degenerative disc disease placed plaintiff at an increased risk of aggravating her cervical spine condition.
19. As to plaintiff's cervical, shoulder, and left arm conditions, plaintiff's later reports to her physicians that she had an accident at work in March 2006 are deemed not credible as the earlier medical records and plaintiff's own testimony do not relay any occurrence at work in March 2006 wherein plaintiff injured her neck, left shoulder or left arm. Furthermore, plaintiff's allegation that the May 22, 2006 incident at work caused or aggravated her cervical, left shoulder, and left arm conditions is not supported by the competent evidence.
20. Plaintiff continues to remain out of work due to her cervical, left shoulder, and left arm conditions.
21. Plaintiff has not sought treatment or been placed on restrictions due to her May 22, 2006 lumbar injury since she was released by Dr. Cockrell on May 26, 2006.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-22 provides that an injured employee shall give the employer written notice of an accident within 30 days after the occurrence of the accident, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied the employer has not been prejudiced thereby. N.C. Gen. Stat. § 97-22. An employer is not prejudiced by a plaintiff's failure to provide written notice of an injury within 30 days when defendant had actual notice of plaintiff's injury. Sandersv. *Page 7 Broyhill furniture Industries, 131 N.C. App. 383, 507 S.E.2d 568 (1998). In the case at hand, regarding plaintiff's alleged March 14, 2006 injury by accident or occupational disease, plaintiff failed to provide written or actual notice within the parameters of N.C. Gen. Stat. § 97-22 and has provided no reasonable excuse for her failure to provide said notice.
2. Plaintiff failed to prove that she suffered an injury by accident on March 14, 2006 to her neck, left shoulder and arm. N.C. Gen. Stat. § 97-2(6). Plaintiff has failed to prove that she suffered an accident or specific traumatic incident which caused plaintiff's neck, left shoulder, and arm condition.
3. In order to establish an occupational disease under N.C. Gen. Stat. § 97-53(13), a claimant must show that the employment exposed him to a greater risk of contracting the disease than the public generally.Rutledge v. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983). In addition, the claimant must show that the employment significantly contributed to, or was a significant causal factor in, the development of the disease. Hardin v. Motor Panels, Inc., 136 N.C. App. 351,524 S.E.2d 368, disc. rev. denied, 351 N.C. 473, 543 S.E.2d 488 (2000). Where the condition was aggravated but not originally caused by the claimant's employment, a claimant must show that the employment placed him at a greater risk for contracting or developing the condition.Futrell v. Resinall Corp., 151 N.C.App. 456, 566 S.E.2d 181 (2002),aff'd per curiam, 357 N.C. 158, 579 S.E.2d 269 (2003); Norris v. DrexelHeritage Furnishings, Inc., 139 N.C.App. 620, 534 S.E.2d 259 (2000),cert. denied, 353 N.C. 378, 547 S.E.2d 15 (2001). In the case at hand, the testimony of Dr. Nelson and Dr. Reeg only support the proposition that plaintiff's job duties placed her at an increased risk of aggravating an underlying condition. Plaintiff has presented no competent evidence that her employment placed her at a greater risk of contracting or developing the neck, left shoulder, and arm condition. Thus, plaintiff has failed to *Page 8 
prove that she contracted an occupational disease or that her pre-existing neck, left shoulder, and arm condition were aggravated by her employment. Futrell v. Resinall Corp., supra.
4. Plaintiff sustained a compensable injury by accident to her lumbar spine on May 22, 2006. N.C. Gen. Stat. § 97-2(6).
5. Plaintiff has not shown that she is entitled to any disability benefits related to her May 22, 2006 lumbar spine injury. Hilliard v.Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982).
6. Plaintiff has not shown that she is entitled to any further medical treatment related to her lumbar spine injury. N.C. Gen. Stat. § 97-25.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for an injury by accident or specific traumatic incident on March 14, 2006 under I.C. No. 676747 is hereby denied.
2. Plaintiff's claim for an occupational disease is hereby denied.
3. Plaintiff's claim for additional benefits under I.C. No. 683656 is hereby denited.
4. Each party shall pay its own costs
This the 8th day of October 2008.
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 9 
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1