***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence. The Full Commission adopts the Opinion and Award of Deputy Commissioner Baddour with minor modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction over the parties and of the subject matter of this action.
2. All parties have been correctly designated, and that there is no question as to misjoinder or nonjoinder of parties.
3. The parties stipulated and agreed with respect to the following undisputed facts:
 (a) On or about November 17, 2006, defendant employed more than three (3) employees, and the parties were bound by and subject to the provisions of the North Carolina Workers' Compensation Act.
 (b) On or about November 17, 2006, there existed between Glanzer F. Jolly and City of Wilson an employee/employer relationship.
 (c) On or about November 17, 2006, employer was self-insured with respect to workers' compensation insurance coverage for its employees.
 (d) On or about November 17, 2006, plaintiff was employed by employer at an average weekly wage determined by the filing of a Form 22, Statement of Days Worked and Earnings of Injured Employee, by defendant in this claim, which was dated December 17, 2007. On March 25, 2009, the parties stipulated by electronic mail that pursuant to the December 17, 2007 Form 22, plaintiff's average weekly wage was $845.29 yielding a compensation rate of $563.55.
 (e) Plaintiff last worked for defendant on or about February 5, 2007.
 (f) Plaintiff has not received any temporary total, temporary partial, permanent partial, or permanent total disability benefits as a result of the *Page 3 
November 17, 2006 injury by accident.
 *********** EXHIBITS
The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Plaintiff's Medical Records and Industrial Commission Forms
 (c) Stipulated Exhibit 3: Plaintiff's Discovery Responses
 (d) Stipulated Exhibit 4: Supervisor's Accident and Incident Report
 (e) Plaintiff's Exhibit 1: Daily Operating Log
 *********** ISSUES (a) Whether plaintiff sustained a compensable injury to his back on November 17, 2006.
 (b) If so, to what benefits, if any, is plaintiff entitled.
 (c) Whether plaintiff's claim is time barred pursuant to N.C. Gen. Stat. § 97-22.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows: *Page 4 
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a fifty-two (52) year-old male who had been employed by defendant as a wastewater treatment operator for approximately twenty-two (22) years.
2. On November 17, 2006, plaintiff injured his back while lifting a heavy bucket of wet rags over a railing to a conveyor belt. Plaintiff notified his shift leader of the incident and that he had pulled his back on the day of the incident.
3. On November 24, 2006, plaintiff was seen in the Emergency Department of Wilson Medical Center when his symptoms worsened rather than improving. It was noted that plaintiff had low back pain following a lifting incident at work about a week earlier.
4. Plaintiff was seen at Nash Street Family Practice beginning December 18, 2006 due to severe low back pain with radiation into his right leg accompanied by numbness and tingling. Plaintiff was seen on several occasions and treated conservatively with medications prior to being referred to neurology.
5. Plaintiff was seen by Dr. Michael Kushner on January 11, 2007 who noted that plaintiff had strained his back in November while lifting a bucket on the job. Electrodiagnostic studies indicated a peroneal neuropathy that could indicate a root lesion and plaintiff was referred for further imaging studies.
6. Plaintiff continued to follow up at Nash Street Family Practice for his low back and right leg pain. On January 24, 2007, plaintiff underwent an MRI that indicated a disc herniation at L4-L5 with a disc bulge at L3-L4. Dr. Kushner diagnosed plaintiff with lumbar radiculopathy. Dr. Kushner continued to treat plaintiff conservatively. *Page 5 
7. Following the intensification of his symptoms, plaintiff underwent an injection and additional conservative treatment with Dr. Kushner. On March 13, 2007, Dr. Kushner referred plaintiff for neurosurgical consultation and noted that he was to remain out of work pending evaluation through at least April 26, 2007.
8. On April 26, 2007, plaintiff was seen by Dr. Raymond Baule with back pain radiating into his lower extremities. Dr. Baule recommended a posterior microdiscectomy at L4-L5 on the right that was performed at Wilson Medical Center on May 14, 2007. Plaintiff was taken out of work pending recuperation from the surgery and returned to Dr. Baule on June 28, 2007 with recurring symptoms. Dr. Baule recommended further surgery for a recurrent or retained disc herniation at L4-L5. Plaintiff decided to seek a second opinion. Dr. Baule indicated that plaintiff was not released to return to work at that time. Dr. Baule opined that plaintiff's disc herniation was a result of plaintiff's November 17, 2006 work incident.
9. On July 30, 2007, Dr. David Miller evaluated plaintiff and noted that plaintiff suffered from right leg and buttock pain with numbness and tingling and recommended repeat surgery that was performed at Heritage Hospital on September 25, 2007. Dr. Miller noted that plaintiff was to remain out of work until seen postoperatively.
10. Plaintiff was seen by Dr. Miller for follow up three times between October 23, 2007 and February 27, 2008. Over the course of time, plaintiff's symptoms again intensified and a myelogram indicated recurrent stenosis and possible recurrent disc herniation. Dr. Miller indicated that further surgical intervention might be warranted; however, plaintiff did not want to pursue a third surgery at that time. He was continued on medications and kept out of work.
11. Plaintiff notified his immediate supervisor, Mr. Mike Ward, of the incident on the day the incident occurred. The incident was recorded in defendant's Daily Operating Log by Mr. *Page 6 
Ward. Plaintiff thought Mr. Ward had informed his superiors of the incident. Plaintiff was not aware of any further responsibility on his part to ensure that his claim was properly documented. Mr. Ward did not report the incident up the chain of command because he did not think it needed to go further.
12. Plaintiff continued working following the incident although it became more difficult to perform the duties of his employment as his condition worsened. Mr. Ward observed plaintiff's problems and discussed them with him; however, Mr. Ward he did not make the connection with the incident that he had recorded in the log even though plaintiff had never complained of back problems in the previous eight to ten years that he had worked with him.
13. Mr. Randolph testified that each of defendant's employees was to report to the person ahead of him in the chain of command and that plaintiff would report to Mr. Ward. Mr. Hinnant testified that the chain of command is important to defendant and that the information would stop in the chain if it were not passed up. In plaintiff's case, the information never got past Mr. Ward.
14. Defendant claims it was prejudiced by plaintiff's waiting until March 30, 2007 to file a Form 18. However, defendants had actual notice of plaintiff's injury on the day it occurred which is evidenced by its entry in defendant's Daily Operating Log. Even after plaintiff filed a Form 18, defendant did not file a Form 19 or a Form 61 denying plaintiff's claim. There is also no evidence that defendant timely investigated plaintiff's claim or that defendant attempted to provide medical treatment once plaintiff filed a Form 18. Therefore, defendant had actual notice of plaintiff's claim on the date of the incident, and the greater weight of the evidence shows that defendant was not prejudiced by plaintiff's failure to provide written notice within thirty (30) days. *Page 7 
15. Plaintiff initially thought that he had sustained a minor pull in his back and that it would improve with time. Once his condition worsened, he sought medical attention and saw several medical providers prior to being notified of the severity of his condition and the need for surgical intervention.
16. Plaintiff went out of work on February 5, 2007 due to his back injury, and the evidence of record does not indicate that he has been released to return to work at the present time.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident to his back arising out of and in the course of his employment with defendant when he lifted the bucket on November 17, 2006. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has presented sufficient medical evidence that he is physically incapable of work in any employment as a result of his November 17, 2006 work-related injury. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993). As a result of the compensable injury by accident, plaintiff is entitled to temporary total disability compensation in the amount of $563.55 per week from February 5, 2007 to the present and continuing until plaintiff returns to work or until further Order of the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of his compensable back injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25. *Page 8 
4. Plaintiff is reasonably excused from failing to give written notice pursuant to N.C. Gen. Stat. § 97-22 in that he believed that defendant was already aware of the incident and was not informed of the necessity of providing a written report. Lawton v. Durham Co., 85 N.C.App. 589,355 S.E.2d 158 (1987).
5. Defendant had actual notice of plaintiff's claim on the date of the incident and defendant was not prejudiced by plaintiff's failure to provide written notice within thirty (30) days. N.C. Gen. Stat. § 97-22,Sanders v. Broyhill Furniture Industries, 131 N.C.App. 383,507 S.E.2d 568 (1998).
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 AWARD
1. Subject to the attorney's fee approved below, defendant shall pay weekly temporary total disability compensation to plaintiff in the amount of $563.55 from February 5, 2007 to the present and continuing until his return to work or until further Order of the Commission. Compensation that has accrued and is due plaintiff shall be paid in a lump sum.
2. Defendant shall pay for medical expenses incurred or to be incurred as a result of plaintiff's compensable back injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from the compensation due plaintiff and paid directly to plaintiff's counsel in one lump sum for the accrued amount due plaintiff and thereafter by deducting every fourth compensation check due plaintiff.
4. Defendant shall pay the costs due the Commission. *Page 9 
This the 18th day of March 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DANNY LEE MCDONALD COMMISSIONER *Page 1