MRS. NANCY DALTON JOHNSON (EMPLOYEE), v. THE ERWIN COTTON MILLS COMPANY (EMPLOYER) AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY (CARRIER).

(Filed 9 June, 1950.)

**Master and Servant § 55d—**

Where opposing inferences reasonably may be drawn from the evidence before the Industrial Commission, its findings are conclusive upon the courts, even though the opposite conclusion is equally tenable upon the evidence.

APPEAL by plaintiff from *Harris, J.*, September Term, 1949, of DURHAM. Affirmed.

This was a proceeding to establish plaintiff's claim for compensation under the Workmen's Compensation Act for an injury by accident arising out of and in course of her employment by defendant Erwin Cotton Mills.

Claimant was a seamstress employed by defendant and engaged in hemming sheets. According to her testimony in doing this work she sat in a chair at a table on which the hemming was done. At her left on the table were 50 to 70 sheets piled up as high as her shoulder. With her left hand she would reach back, take hold of a sheet and pull it across to the right horizontally at about the level of her shoulder. Some of the sheets had short corners or were wrinkled or biased, requiring more exertion to pull them into proper position. November 15, 1947, she had one sheet that was "real short," which she had to "stretch real hard" to make the hem come out even. As she did so she felt something slip, and immediately felt intense pain in her arm and shoulder. She said, "As I stretched the sheet and turned, my arm, the place slipped and broke." She continued to suffer pain, but worked for some six weeks. The doctor's diagnosis was myositis or inflammation of the muscle, due to muscle strain of the shoulder, and the treatment prescribed was physiotherapy. Usefulness of claimant's arm has been impaired to a degree. No occupational disease as defined in the statute was indicated. G.S. 97-53.

There was also evidence on behalf of the defendant describing the manner of operation in which claimant was engaged as not requiring the lifting of the arm above the waistline, and that the handling and hemming of sheets as testified by plaintiff on the occasion alleged was according to the usual and customary method of doing this work. The hearing commissioner also in company with the claimant viewed the premises and the method of doing the work in which plaintiff had been engaged and observed no unusual effort in handling sheets or such as to require arm movement as described by claimant.

Upon the evidence offered the Commission found "that the claimant was doing her usual and customary work in hemming sheets at the time of the alleged injury," and "that the claimant did not sustain an injury by accident arising out of nor in the course of her employment, to her left shoulder," and denied compensation. This finding and conclusion was affirmed on appeal by the full commission, and again by the Superior Court.

Plaintiff appealed to this Court.

*Harvey Harwood, R. O. Everett, and Kathrine R. Everett for plaintiff, appellant.*

*I. Weisner Farmer for defendants, appellees.*

DEVIN, J. Claimant's evidence standing alone would have been sufficient to have warranted the Industrial Commission in finding that she suffered an injury by accident arising out of and in the course of her employment, compensable under the Workmen's Compensation Act, in accord with the decision in *Edwards v. Publishing Co.*, 227 N.C. 184, 41 S.E. 2d 592. The claimant strongly urged that findings should have been made in favor of compensation based upon her testimony. But upon all the evidence adduced the Commission reached the contrary conclusion, and this was affirmed by the judgment of the Superior Court, applying the principle stated in *Slade v. Hosiery Mills*, 209 N.C. 823, 184 S.E. 844; and *Neely v. Statesville*, 212 N.C. 365, 193 S.E. 664. As the statute makes the Commission the fact finding body and its determination conclusive if supported by competent evidence, the only question presented by this appeal is whether there was any evidence reasonably tending to support the result here reached.

After a review of the entire record and the evidence properly considered by the Commission, we are of opinion that the findings and conclusions of the Commission were supported by evidence and are binding upon the court. The evidence permits the inferences therefrom which were drawn by the Commission, though other inferences appear equally plausible. *Rewis v. Ins. Co.*, 226 N.C. 325, 38 S.E. 2d 97. The courts are not at liberty to reweigh the evidence because different conclusions might have been reached. *Tenant v. Peoria & Pekin Union R. Co.*, 321 U.S. 35. The judgment of the Superior Court is

Affirmed.