GREGORY v. W.A. BROWN & SONS

[363 N.C. 750 (2010)]

ANDREA GREGORY, EMPLOYEE v. W.A. BROWN & SONS, EMPLOYER,
PMA INSURANCE GROUP, CARRIER

No. 447A08

(Filed 29 January 2010)

**Workers' Compensation— notice of injury—not timely given—
remanded for findings and conclusions on prejudice**

In workers' compensation cases involving delayed notice,
the plain language of N.C.G.S. § 97-22 requires findings of a rea-
sonable excuse for the delay and that the employer was not prej-
udiced in order for the Industrial Commission to award compen-
sation, regardless of whether the employer has actual knowledge
of the accident. The Full Commission in this case concluded that
plaintiff had a reasonable excuse for failing to give timely written
notice, but made no findings or conclusions about prejudice to
defendants, and erred by awarding benefits. The case was re-
manded for findings and conclusions on the issue of prejudice.

Justice HUDSON dissenting.

Justice TIMMONS-GOODSON joins in this dissenting
opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2)· from the decision of a
divided panel of the Court of Appeals, 192 N.C. App. 94, 664 S.E.2d
589 (2008), affirming an opinion and award entered by the North
Carolina Industrial Commission on 11 May 2007. Heard in the
Supreme Court on 1 April 2009.

*DeVore, Acton, & Stafford, P.A., by William D. Acton, Jr., for
plaintiff-appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by M. Duane
Jones, for defendant-appellants.*

NEWBY, Justice.

This case involves a claim under the Workers' Compensation Act
for disability and medical payments due to a workplace accident.
Plaintiff-employee failed to give the employer written notice of the
accident within thirty days after the accident's occurrence as
directed by N.C.G.S. § 97-22. The question presented is whether, in
order for any compensation to be payable under such circumstances,

the Industrial Commission must (1) conclude as a matter of law that the employer has not been prejudiced by the employee's failure to provide timely written notice and (2) support that conclusion with appropriate findings of fact. Because the express language of section 97-22 requires us to answer this question in the affirmative, we reverse in part the decision of the Court of Appeals and remand to that court for further remand to the Industrial Commission for findings of fact and conclusions of law regarding the issue of prejudice.

## I. BACKGROUND

Plaintiff began working for defendant W.A. Brown & Sons ("Brown & Sons") in June 1999. As of October 2001 plaintiff had been experiencing pain in her lower back for approximately six months and was taking over-the-counter medication for her pain. During the week of 11 October 2001, plaintiff sustained an injury to her lower back while lifting a heavy container at work. Although plaintiff testified before a representative of the Industrial Commission ("the Commission") that the incident occurred on the morning of 11 October 2001, Brown & Sons' time records showed that plaintiff was not at work that morning. Presumably because the precise timing of plaintiff's injury is therefore uncertain, the Commission simply found plaintiff suffered an injury "on an unknown date" during the week of 11 October 2001.

Plaintiff alleged that, immediately after the incident, she reported her injury to Rick Dunaway, her team leader. Dunaway in turn reported the incident to Barry Christy, plaintiff's supervisor, who gave plaintiff a back support belt. Plaintiff worked the remainder of the week. On Sunday 14 October 2001, plaintiff saw a doctor about her back pain. She told the doctor she had been having pain for about six months and described the incident at work. However, because Brown & Sons had not authorized the medical visit, the doctor's office "would not treat [plaintiff] as a possible workers' compensation patient and made no record of her report of injury."

The following Tuesday, plaintiff reported for work but was so visibly impaired by pain that Christy referred her to Pam Cordts in human resources. Plaintiff told Cordts about her pain and inability to work, but she did not then claim that her injury was work related. According to the opinion and award of the Full Commission, Cordts "gave plaintiff paperwork on Family Medical Leave and short-term disability, but did not discuss the possibility of workers' compensation" because she "believed that [plaintiff's injury] was something

that had occurred outside of work." Cordts told plaintiff to see a doctor and that "for her own safety she would not be allowed to return to work without a note from the doctor."

During the ensuing year, plaintiff saw an orthopedic surgeon, a neurosurgeon, and a chiropractor and underwent a variety of examinations to determine the nature and cause of her pain. Throughout this process, the doctors' examinations were limited because plaintiff would complain of severe pain during the tests. As a result, the Full Commission found "it was initially difficult for the treating physicians to sort out diagnoses for [plaintiff's] physical problems and to determine the relationship between her symptoms and the injury at work." Based on expert testimony that plaintiff "likely had a pre-existing [sic] back condition at the time of her work-related injury," the Full Commission found that plaintiff "sustained an injury to her back that aggravated her preexisting degenerative condition."

Plaintiff failed to give Brown & Sons written notice of her accident as directed by N.C.G.S. §§ 97-22 and 97-23 until she filed a Form 18, entitled "Notice of Accident to Employer (G.S. 97-22) and Claim of Employee or His Personal Representative or Dependents (G.S. 97-24)." Plaintiff completed her Form 18 on 1 February 2002, and it was filed with the Commission on 5 February 2002, nearly four months after the claimed accident.

The matter was initially heard before Deputy Commissioner Morgan S. Chapman ("the deputy"), who, on 28 April 2004, entered an opinion and award denying plaintiff's claim for workers' compensation benefits. The deputy made numerous findings of fact, the most pertinent of which are as follows. When Barry Christy, plaintiff's supervisor, gave plaintiff a back support belt on the day of the accident, Christy "was unaware of a specific injury." When Pam Cordts in human resources asked plaintiff about her injury, "plaintiff indicated that she did not know how she had done it and that she had been having back problems for quite a while." After Cordts told plaintiff she would not be allowed to return to work without a doctor's clearance, plaintiff saw a doctor and "stated that the onset of her symptoms was six months previously and that she was not injured on the job." During plaintiff's neurosurgical evaluation on 12 December 2001, "she gave a six-month history of symptoms and did not describe the incident at work, although she advised that her job involved heavy lifting." In addition, the deputy found:

13. Defendants denied this claim since there was no record of an injury at work in plaintiff's medical records and since she had denied that her back condition was related to a work-related injury to Ms. Cordts, to the adjuster, Brian Gray, who spoke with her on November 9, 2001 regarding her short term disability claim, and on the claims forms for the disability benefits.

. . . .

15. . . . . Defendants were prejudiced by the delay in receiving written notice since they otherwise might well have accepted the claim as compensable, but rather allowed plaintiff to pursue disability benefits, for which they would not receive a credit since the benefits were not totally employer funded, since defendants were not able to designate the medical treatment plaintiff would receive and since the treatment which plaintiff obtained was unusually protracted. The fact that the claim was denied was due to plaintiff's own statements to representatives of defendants which gave defendants very good grounds to believe that the back condition was not due to a compensable injury at work.

Based upon these findings of fact, the deputy concluded as a matter of law that "plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant." However, the deputy further concluded that

plaintiff's claim is barred due to her failure to give her employer written notice of the injury within thirty days since she did not have reasonable excuse for the delay and since defendants were prejudiced by it. Defendants did not have actual knowledge of the injury despite the initial verbal report since plaintiff repeatedly thereafter denied that she was injured at work. G.S. § 97-22.

Plaintiff appealed the deputy's opinion and award to the Full Commission, and defendants cross-appealed. The Full Commission reviewed the case and reversed the deputy's opinion and award, entering its opinion and award on 18 January 2005. The Full Commission determined that Brown & Sons did have actual notice of plaintiff's work-related injury and concluded that plaintiff had a reasonable excuse for failing to give Brown & Sons timely written notice of her accident in accordance with N.C.G.S. § 97-22. The Full Commission made the following conclusions of law:

1. On an unknown date during the week of October 11, 2001, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant in that she sustained a back injury as the result of a specific traumatic incident of the work assigned.

2. The aggravation or exacerbation of plaintiff's pre-existing back condition as a result of a specific traumatic incident, which has resulted in loss of wage earning capacity, is compensable under the Workers' Compensation Act.

3. Defendants had actual notice of plaintiff's work-related injury, and resulting workers' compensation claim, (1) when plaintiff immediately reported her injury to her team leader, (2) when plaintiff's supervisor gave her a back support brace so that she could continue working; and (3) when her supervisor sent her to human resources to discuss her injury. Because defendants had actual knowledge of plaintiff's work-related injury, plaintiff's failure to give written notice of her claim did not bar her claim for compensation.

4. Even if defendants had not had actual notice, given the nature of plaintiff's injury and her pre-existing back condition, plaintiff's failure to give written notice within 30 days is reasonably excused because plaintiff did not reasonably know of the nature, seriousness, or probable compensable character of her injury until after extensive treatment with Dr. Roy, her treating physician.

(Citations omitted.)

The Full Commission also found that Cordts "failed to ask specific questions regarding the cause of plaintiff's injury," "did not take proper action to assess whether or not plaintiff's injury was, in fact, work related," and that "there is no evidence that Ms. Cordts spoke, as she should have, with either [plaintiff's team leader] or [plaintiff's supervisor] to determine if plaintiff's supervisors had actual knowledge of a work-related injury or incident involving plaintiff." Regarding plaintiff's visit to an orthopedic surgeon following her meeting with Cordts, the Full Commission found that plaintiff did, in fact, tell the surgeon that she had been injured on the job. The Full Commission made no findings that plaintiff failed to describe the workplace accident during her neurosurgical evaluation or that she repeatedly denied to defendants that her back condition was due to a work-related injury.

Most importantly, the Full Commission reversed the deputy's conclusion that "[d]efendants were prejudiced by the delay in receiving written notice" of the accident. However, the Full Commission made no findings of fact or conclusions of law with respect to the issue of prejudice to defendants. Regarding plaintiff's failure to comply with the notice requirement of N.C.G.S. § 97-22, the Full Commission simply concluded: "Because defendants had actual knowledge of plaintiff's work-related injury, plaintiff's failure to give written notice of her claim did not bar her claim for compensation."

The Full Commission remanded the matter for assignment to a deputy commissioner "for the taking of additional evidence or further hearing, if necessary, and the entry of an Opinion and Award with findings on the issues of (1) the extent of plaintiff's disability; (2) the amount of indemnity benefits due plaintiff; and (3) the extent of medical compensation due plaintiff." Defendants sought immediate review, but the Court of Appeals dismissed their interlocutory appeal. After remand, a deputy commissioner entered an opinion and award in the case on 4 May 2006. Defendants appealed, and on 11 May 2007, the Full Commission entered an opinion and award in which it stated: "The Full Commission's Opinion and Award of January 18, 2005 is incorporated by reference as if fully set forth herein." The Full Commission concluded that "[p]laintiff was totally disabled from her compensable specific traumatic incident from October 16, 2001, and continuing to May 31, 2005," and ordered defendants to pay plaintiff temporary total disability compensation for that time period. The Full Commission reserved for future determination the issue of "the extent of plaintiff's disability, if any, after May 31, 2005."

Defendants appealed the Full Commission's opinion and award. A divided panel of the Court of Appeals affirmed, holding that the Full Commission's conclusion that Brown & Sons had actual knowledge of plaintiff's injury was supported by findings of fact, which were in turn supported by competent evidence. *Gregory v. W.A. Brown &. Sons*, 192 N.C. App. 94, 106, 664 S.E.2d 589, 596 (2008). Unlike the Full Commission, the Court of Appeals then addressed the issue of prejudice, with the majority stating: "In light of this actual knowledge, we also hold that Defendant-Employer was not prejudiced by Plaintiff's failure to provide written notice of her injury within thirty days." *Id.* (citation omitted). The dissenting judge questioned the majority's decision to "infer a lack of prejudice when the Commission has not addressed that issue specifically," 192 N.C. App. at 111, 664 S.E.2d at 599 (Jackson, J., dissenting in part), and would

have "remand[ed] to the Commission for findings of fact and conclusions of law addressing the issue of prejudice as required by section 97-22," *id.* at 114, 664 S.E.2d at 601. Defendants appealed to this Court on the basis of the dissenting opinion in the Court of Appeals.

## II. ANALYSIS

We begin by observing a significant incongruity between the findings of fact made by the deputy and the findings of fact made by the Full Commission. We have long held that the Full Commission is the ultimate fact finder in a workers' compensation case and that its determinations of credibility are conclusive. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 413 (1998). Here, however, while the deputy specifically found that plaintiff actively denied to defendant's representative that her injury was work related, the Full Commission made no related finding of its own either accepting or rejecting this finding by the deputy. Instead, the Full Commission implicitly required defendant to ascertain that plaintiff's injuries were work related. Because we need not resolve this anomaly to decide this case, we leave for another day the issue whether a finding by a deputy remains effective if that finding is not addressed either directly or indirectly by the Full Commission.

Section 97-22 of the General Statutes deals with notice by an injured employee to the employer, while section 97-23 deals with the contents of written notice. Section 97-22 provides:

> Every injured employee or his representative *shall* immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer *a written notice of the accident,* and the employee shall not be entitled to physician's fees nor to any compensation *which may have accrued under the terms of this Article prior to the giving of such notice,* unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, or the fraud or deceit of some third person; *but no compensation shall be payable* unless such written notice is given within 30 days after the occurrence of the accident or death, *unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.*

N.C.G.S. § 97-22 (2007) (emphases added).

Section 97-23 provides:

> The notice provided in the foregoing section [G.S. 97-22] shall state in ordinary language the name and address of the employee, the time, place, nature, and cause of the accident, and of the resulting injury or death; and shall be signed by the employee or by a person on his behalf, or, in the event of his death, by any one or more of his dependents, or by a person in their behalf.

> No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby, and then only to such extent as the prejudice.

> Said notice shall be given personally to the employer or any of his agents upon whom a summons in civil action may be served under the laws of the State, or may be sent by registered letter or certified mail addressed to the employer at his last known residence or place of business.

*Id.* § 97-23 (2007) (brackets in original).

It is clear from these sections that, in enacting the Workers' Compensation Act, the General Assembly was concerned to avoid prejudice to employers resulting from insufficient notice of their employees' accidents. It is equally clear that the legislature wished to prevent unnecessary disputes, such as occurred in the instant case, regarding whether notice of an accident was given and what that notice might have contained. The General Assembly sought to resolve these concerns by requiring employees to put notice of their accidents in writing, to include certain vital information therein, and to submit such notice in a timely fashion to an appropriate representative of the employer. *Id.* §§ 97-22, -23.

The legislature also recognized, however, that employees would not always give written notice in perfect compliance with the statutes. The General Assembly therefore provided that an employee who fails to give the employer written notice of an accident within thirty days can still receive compensation based on that accident if "[(1)] reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and [(2)] the Commission is satisfied that the employer has not been prejudiced thereby." *Id.* § 97-22. This two-pronged test eschews a preference for form over function while simultaneously ensuring that workers' compensation benefits will only be payable when there is at least substantial compliance with the purposes of the written notice requirement.

GREGORY v. W.A. BROWN & SONS

[363 N.C. 750 (2010)]

This Court has previously read section 97-22 to mean that the plaintiff in a case under the Workers' Compensation Act

> *is not entitled to recover* unless he can show that he has complied with the provisions of the statute in respect to the giving of a notice, or has shown reasonable excuse to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

*Singleton v. Durham Laundry Co.*, 213 N.C. 32, 36, 195 S.E. 34, 36 (1938) (emphasis added) (applying N.C. Code § 8081(dd) (1935), recodified as N.C.G.S. § 97-22 pursuant to Act of Feb. 1, 1943, ch. 15, sec. 3, 1943 N.C. Sess. Laws 13, 13-14). *Singleton* also states, "It is the duty of the Commission to make . . . specific and definite findings upon the evidence reported . . . particularly when there are material facts at issue." *Id.* at 34-35, 195 S.E. at 35. This Court in *Singleton* ultimately found error in the Commission's failure to make findings of fact on the "controverted issue" of the plaintiff's compliance with the statutory provisions regarding written notice, or alternatively, on the issues of reasonable excuse and lack of prejudice. *Id.* at 36, 195 S.E. at 36.

The principles set forth in section 97-22 and elucidated in *Singleton* were recently reiterated in *Watts v. Borg Warner Automotive, Inc.*, 171 N.C. App. 1, 613 S.E.2d 715, *aff'd per curiam*, 360 N.C. 169, 622 S.E.2d 492 (2005). In *Watts*, the Commission awarded compensation despite a lack of timely written notice after concluding that the plaintiff-employee had a reasonable excuse for not giving written notice of his accident and that the defendant-employer was not prejudiced by the delay. *Id.* at 5, 613 S.E.2d at 719. The Court of Appeals stated that due to the plaintiff-employee's failure to give timely *"written* notice," section 97-22 allowed compensation only if the failure of notice was reasonably excused and the defendant-employer was not prejudiced. *Id.* at 4, 613 S.E.2d at 718 (citation omitted). Although the Commission had made conclusions of law on these issues, the Court of Appeals held the Commission failed to support those conclusions adequately and remanded for additional findings of fact. *Id.* at 6, 613 S.E.2d at 719 (citations omitted). In so holding, the Court of Appeals rightly did not suggest that this analysis applies only when the defendant-employer lacked actual notice of the accident. This Court subsequently affirmed the Court of Appeals in a per curiam decision. 360 N.C. 169, 622 S.E.2d 492.

GREGORY v. W.A. BROWN & SONS

[363 N.C. 750 (2010)]

A careful reading of section 97-22 confirms that these prior decisions represent proper applications of that statute. Section 97-22 begins by establishing a presumptive requirement of written notice of accidents as a prerequisite to compensation. The statute goes on to provide that an employee who fails to give such written notice may still be entitled to physician's fees and compensation *"which may have accrued . . . prior to the giving of [written] notice"* if the employer had actual knowledge of the accident. N.C.G.S. § 97-22 (emphasis added). The remaining portion of the statute is then set off by a semicolon. The language following the semicolon initially provides that *"no compensation shall be payable* unless such written notice is given within 30 days after the occurrence of the accident or death." *Id.* (emphasis added). In other words, the language after the semicolon applies to all workers' compensation benefits, regardless of whether they accrue before or after the giving of written notice. Section 97-22 then provides that the requirement of written notice within thirty days after the accident will be waived only if "reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby." *Id.* Thus, when the employee fails to provide written notice of the accident within thirty days, "no compensation shall be payable" unless the Commission is satisfied both that the delay in written notice was reasonably excused and that the employer was not prejudiced. *Id.* According to the statute's plain language, these two factors must be found regardless of whether the employer has actual knowledge of the accident.

Requiring findings of fact and conclusions of law on the issue of prejudice is consistent with section 97-22, with *Singleton* and *Watts*, and with this Court's recent decision in *Richardson v. Maxim Healthcare/Allegis Group*, 362 N.C. 657, 669 S.E.2d 582 (2008), *reh'g denied*, 363 N.C. 260, 676 S.E.2d 472 (2009). In *Richardson*, the plaintiff-employee failed to give written notice of her accident within thirty days. *Id.* at 658-59, 669 S.E.2d at 584. It was uncontested that the defendants in that case had actual notice of the plaintiff's accident, and in light of that actual notice, the Commission concluded that the defendants were not prejudiced by the delay in written notice. *Id.* at 661, 669 S.E.2d at 585. This Court agreed, concluding in light of *Richardson's* particular facts "that the Commission's findings and conclusions were adequate." *Id.* at 662, 669 S.E.2d at 585.

We indicated in *Richardson* that the plaintiff was not required to give her employer written notice of her accident under the circum-

stances of the actual notice in that case. *Id.* at 658, 669 S.E.2d at 583 (stating that written notice was not necessary "when the employer has actual notice of [the employee's] on-the-job injury, *as the employer had here*" (emphasis added)). The actual notice the employer had in *Richardson* is different from Brown & Sons' actual notice in several significant respects. The employer in *Richardson* made no efforts to mitigate the employee's injuries and failed to investigate the circumstances of her accident despite the employer's "aware[ness] of plaintiff's injuries and medical treatments based on her regular communications." *Id.* at 662, 669 S.E.2d at 586. By contrast, in the instant case, the Full Commission found that the doctor who initially treated plaintiff did not view her as a possible workers' compensation patient and made no record of plaintiff's report of injury. The Full Commission also found that Pam Cordts in human resources "believed that [plaintiff's injury] was something that had occurred outside of work," in part because plaintiff "did not report it as a workers' compensation claim, didn't allude to it being a workers' comp claim." Furthermore, the employee in *Richardson* was involved in an automobile accident, which was a discrete occurrence resulting in relatively certain injuries. In this case, on the other hand, plaintiff had been experiencing back pain for approximately six months when her accident occurred and sought workers' compensation after she "aggravated her preexisting degenerative condition." The timing of plaintiff's injury was uncertain both because of the discrepancy in the evidence as to the time and place of the injury and because plaintiff continued reporting for work after her accident. As a result of plaintiff's actions, initial attempts by physicians to diagnose plaintiff's problem and determine whether it was work related were inconclusive.

The foregoing distinctions accentuate the most important factual difference between *Richardson* and the instant case, which concerns whether the parties disputed the issue of actual notice. In *Richardson*, "[t]he defendants acknowledge[d] the plaintiff's same-day notification of the accident," *id.* at 660, 669 S.E.2d at 585, and there was no indication in the record of any dispute as to whether the contents of the plaintiff's notification were sufficient to prevent prejudice to the defendants, *see* N.C.G.S. § 97-23 (setting forth the necessary contents of written notice under N.C.G.S. § 97-22). By contrast, in this case, the issue of actual notice was a primary point of contention at the hearing level that engendered irreconcilable findings by the deputy and the Full Commission, respectively. The result we reached in *Richardson* was proper in light of the defendants' failure

GREGORY v. W.A. BROWN & SONS

[363 N.C. 750 (2010)]

in that case to argue that they did not receive actual notice sufficient to prevent them from being prejudiced. *Richardson* demonstrates how the facts of a particular case can justify a determination by the Full Commission that an employer had actual notice sufficient to obviate written notice, even in the absence of a specific finding of fact. Nevertheless, as a general rule, when a workers' compensation plaintiff has not given written notice of the accident within thirty days thereafter, the plaintiff cannot receive any compensation unless the Commission makes proper findings and conclusions with respect to the issues of reasonable excuse and prejudice to the employer.

In the case *sub judice*, it is undisputed that plaintiff failed to provide written notice until she filed her workers' compensation claim nearly four months after her accident. Thus, under section 97-22, plaintiff can receive no workers' compensation benefits unless the Commission concludes as a matter of law that the delay in written notice was reasonably excused and that Brown & Sons was not prejudiced. Because the Full Commission's opinion contains no conclusion that Brown & Sons was not prejudiced, that opinion is an insufficient basis upon which to award compensation to plaintiff.

A mere conclusion that Brown & Sons was not prejudiced, however, would not render the Full Commission's opinion and award adequate. To enable the appellate courts to perform their duty of determining whether the Commission's legal conclusions are justified, the Commission must support its conclusions with sufficient findings of fact. *Pardue v. Blackburn Bros. Oil & Tire Co.*, 260 N.C. 413, 415-16, 132 S.E.2d 747, 748-49 (1963).

> The Commission is not required to make a finding as to each detail of the evidence or as to every inference or shade of meaning to be drawn therefrom. But specific findings of fact by the Commission are required. *These must cover the crucial questions of fact upon which plaintiff's right of compensation depends.* If the findings of fact of the Commission are insufficient to enable the Court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the end that the Commission make proper findings.

*Id.* at 416, 132 S.E.2d at 749 (emphasis added) (citations omitted). While the following example is provided for guidance and is not intended to limit either deputies or the Full Commission, findings of fact to the effect that an employer had actual knowledge within thirty days after an employee's accident, and that the actual knowledge

included such information as the employee's name, the time and place of the injury or accident, the relationship of the injury to the employment, and the nature and extent of the injury, could support a legal conclusion that the employer was not prejudiced by the delay in written notice.

This Court has previously provided similar direction as to the "crucial questions of fact" that underlie legal conclusions regarding reasonable excuse and lack of prejudice. In *Booker v. Duke Medical Center*, we held that an employer had waived its right to appeal the issue of notice by failing to raise that issue before the Commission. 297 N.C. 458, 481-82, 256 S.E.2d 189, 204 (1979). In so holding, we noted that if the employer had raised the notice issue before the Industrial Commission, it would have been appropriate for the Commission to "conduct[] an inquiry in accordance with G.S. 97-22," *id.*, and make findings of fact with respect to whether the lack of notice "was excusable and nonprejudicial," 297 N.C. at 481, 256 S.E.2d at 203. We also stated: "The purpose of the notice-of-injury requirement is two-fold. It allows the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury, and it facilitates the earliest possible investigation of the circumstances surrounding the injury." *Id.* at 481, 256 S.E.2d at 204 (citing 3 A. Larson, Workmen's Compensation Law § 78.20 (1976)). Findings of fact to the effect that these purposes of the notice requirement were vindicated despite the lack of timely written notice of an employee's accident could likewise support a legal conclusion that the employer was not prejudiced by the delay in written notice.

Not every instance of actual notice will satisfy the statutory requirements of reasonable excuse and lack of prejudice. The Industrial Commission is therefore obligated to apply the test in each case in which timely written notice of the accident is lacking, and the Commission cannot award compensation in such a case unless it concludes as a matter of law that the absence of such notice is reasonably excused and that the employer has not been prejudiced. Further, because the right to compensation of an employee who did not give timely written notice depends on the Commission's conclusions on these legal issues, the Commission must support those conclusions with appropriate findings of fact as detailed above. *Pardue*, 260 N.C. at 416, 132 S.E.2d at 749.

As observed previously, it is undisputed in this case that plaintiff failed to provide written notice until she filed her workers' compen-

**GREGORY v. W.A. BROWN & SONS**

[363 N.C. 750 (2010)]

sation claim nearly four months after her accident. Therefore, the Full Commission erred in awarding benefits to plaintiff without concluding that defendants were not prejudiced by the delay and supporting such a conclusion with appropriate findings of fact.

In addition, we note that N.C.G.S. §§ 97-22 and 97-23 place the burden of notice on the employee, not the employer. In its opinion and award, the Full Commission found that Pam Cordts in human resources "failed to ask specific questions regarding the cause of plaintiff's injury" and "did not take proper action to assess whether or not plaintiff's injury was, in fact, work related," and that "there is no evidence that Ms. Cordts spoke, *as she should have*, with either [plaintiff's team leader] or [plaintiff's supervisor] to determine if plaintiff's supervisors had actual knowledge of a work-related injury or incident involving plaintiff." (Emphasis added.) Thus, assuming without deciding that plaintiff stated to Cordts that the injury was not work related, the Full Commission's analysis incorrectly placed upon defendant the burden to disprove plaintiff's denial that her injury was work related. The Commission may not shift the burden of notice from the employee to the employer and then use the resulting findings as the factual basis for a conclusion that defendants were not prejudiced by plaintiff's failure to give timely written notice of her accident.[1] *Cf. Jacobs v. Safie Mfg. Co.*, 229 N.C. 660, 661-62, 50 S.E.2d 738, 739 (1948) (holding that the burden of notice did not shift to employer after employee requested a meeting with employer's superintendent and employee's sister told the superintendent that employee had been injured on the job).

In enacting N.C.G.S. § 97-22, the General Assembly expressed its intention that an employee who has an accident and does not timely notify the employer in writing should not receive compensation based on that accident unless the Industrial Commission is satisfied that the lack of timely written notice was reasonably excused and that the employer was not prejudiced. Thus, we hold that, when the employee does not give timely written notice as required by section 97-22, regardless of whether the employer had actual notice of the

---

1. We are cognizant that certain sections of the Workers' Compensation Act place burdens on employers rather than employees. Sections 97-18 and 97-92, however, apply to employers that have knowledge of employees' "injuries," not employers with knowledge of employees' "accidents." N.C.G.S. §§ 97-18, -92 (2007). Unlike "accident," "injury" is a defined term under the Workers' Compensation Act, meaning "only injury by accident arising out of and in the course of the employment." *Id.* § 97-2(6) (2007). An employer's notice of an employee's "accident," standing alone, does not necessarily trigger any statutory duties for the employer.

accident, the Industrial Commission cannot award compensation unless it (1) concludes as a matter of law that the lack of timely written notice was reasonably excused and that the employer was not prejudiced and (2) supports those conclusions with appropriate findings of fact.

## III. DISPOSITION

The Full Commission in this case erred in awarding benefits to plaintiff without concluding that defendants were not prejudiced by plaintiff's failure to give written notice within thirty days after her accident and without supporting such a conclusion with appropriate findings of fact. Therefore, we reverse the decision of the Court of Appeals as to the issue raised by the dissenting opinion in that court. The remaining issues addressed by the Court of Appeals are not before this Court, and its decision as to those issues remains undisturbed. This case is remanded to the Court of Appeals for further remand to the Industrial Commission with instructions to enter findings of fact and conclusions of law regarding the issue of prejudice in a manner not inconsistent with this opinion.

REVERSED IN PART AND REMANDED.

Justice HUDSON dissenting.

We squarely decided the question presented here in our recent, unanimous decision in *Richardson v. Maxim Healthcare/Allegis Group*, 362 N.C. 657, 669 S.E.2d 582 (2008). Despite no change to the governing statutory framework, the majority would essentially overrule *Richardson* just one year later, while claiming not to do so, in order to reach a particular outcome here. By this decision the majority adds nothing but confusion and inconsistency to our own jurisprudence[2] and strays from the proper role and approach of this Court. As such, I respectfully dissent.

The sole issue presented to this Court on appeal is whether a defendant-employer's actual knowledge of a plaintiff-employee's work-related injury satisfies the notice-of-injury requirement under N.C.G.S. § 97-22, obviating the need for findings of fact as to any alleged prejudice. In our decision in *Richardson* we unanimously held that, under N.C.G.S. § 97-22, "[w]hen an employer has actual

---

2. The General Assembly could, if it so desired, quickly eliminate any confusion by clarifying the language of N.C.G.S. § 97-22, which has not been amended since it originally passed in 1929.

notice of the accident, the employee need not give written notice, and therefore, the Commission need not make any findings about prejudice." *Id.* at 663, 669 S.E.2d at 586.

The majority here maintains that we somehow limited the holding of *Richardson* to "the unique circumstances of the actual notice in that case." Even a cursory reading of that opinion clearly illustrates that we attached no such conditions to our statement of the law. If the majority has decided to overrule *Richardson*, by now "[r]equiring findings of fact and conclusions of law on the issue of prejudice," regardless of whether the employer has actual knowledge or notice of the injury, the Court should do so directly and avoid creating unnecessary confusion in the law for employers, employees, and the Industrial Commission regarding which types of actual knowledge are sufficient and which are not. Providing such certainty is fundamental to our judicial role:

> It is, then, an established rule to abide by former precedents, *stare decisis*, where the same points come up again in litigation, as well to keep the scale of justice even and steady, and not liable to waver with every new judge's opinion, as also because, the law in that case being solemnly declared and determined what before was uncertain, and perhaps indifferent, is now become a permanent rule, which it is not in the breast of any subsequent judge to alter or swerve from according to his private sentiments; he being sworn to determine, not according to his private judgment, but according to the known laws and customs of the land—not delegated to pronounce a new law, but to maintain and expound the old one—*jus dicere et non jus dare.*

*McGill v. Town of Lumberton,* 218 N.C. 586, 591, 11 S.E.2d 873, 876 (1940) (citations and quotation marks omitted); *see also Bacon v. Lee,* 353 N.C. 696, 712, 549 S.E.2d 840, 851-52 ("A primary goal of adjudicatory proceedings is the uniform application of law. In furtherance of this objective, courts generally consider themselves bound by prior precedent, *i.e.*, the doctrine of *stare decisis.*" (citing *Payne v. Tennessee,* 501 U.S. 808, 827, 115 L. Ed. 2d 720, 736-37 (1991) ("*Stare decisis* is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process."), and *Bulova Watch Co. v. Brand Distribs. of N. Wilkesboro, Inc.,* 285 N.C. 467, 472, 206 S.E.2d 141, 145 (1974) (observing that stare decisis "promotes stability in the

GREGORY v. W.A. BROWN & SONS

[363 N.C. 750 (2010)]

law and uniformity in its application"))), *cert. denied,* 533 U.S. 975, 150 L. Ed. 2d 804 (2001).

Indeed, the distinction the majority attempts to draw between the facts of *Richardson* and those presented here demonstrates the need for a straightforward, easily applied rule such as the one enunciated just one year ago in *Richardson.* The majority goes to great lengths in its attempts to find a material difference between the actual knowledge of the employer in *Richardson* and that of the employer here. These efforts ignore the fundamental reality that, for purposes of our appellate review of an Industrial Commission opinion and award, there is no meaningful difference between the "uncontested" actual knowledge in *Richardson* and the Commission's finding of fact and conclusion of law that defendant-employer here had actual notice of plaintiff's injury. Because that finding and conclusion were not the basis of the dissent in the Court of Appeals, they are binding on us on appeal, and the degree to which they were contested is irrelevant to our review. *See State ex rel. Cooper v. Ridgeway Brands Mfg., LLC,* 362 N.C. 431, 436, 666 S.E.2d 107, 111 (2008) (" 'Where the sole ground of the appeal of right is the existence of a dissent in the Court of Appeals, review by the Supreme Court is limited to a consideration of those questions which are . . . specifically set out in the dissenting opinion as the basis for that dissent . . . . ' " (quoting N.C. R. App. P. 16(b); *accord State v. Hooper,* 318 N.C. 680, 681-82, 351 S.E.2d 286, 287 (1987))).

Notwithstanding decades of case law on both stare decisis and our proper standard of review concerning findings of fact and conclusions of law that are binding on appeal, the majority here indulges defendant-employer's improper efforts to relitigate once again the question of actual notice.[3] While offering the disclaimer that such detail is offered only to demonstrate that "the issue of actual notice was a primary point of contention at the hearing level," the majority's subsequent analysis reveals that they simply disagree with the Full Commission's finding. To bolster their position, the majority even recites the findings and conclusions of the *deputy* commissioner, purportedly to show that the issue "engendered irreconcilable findings by the deputy and Full Commission, respectively." Of course, these findings are not "irreconcilable"; they have indeed been reconciled and determined—by the Full Commission, in its proper statutory role as the ultimate fact finder in worker's compensation cases.

---

3. In fact, we specifically denied defendant-employer's petition for discretionary review on that issue.

GREGORY v. W.A. BROWN & SONS

[363 N.C. 750 (2010)]

The majority's analysis can only be characterized as precisely the type of reweighing of evidence that our statutes and case law explicitly disallow:

> On appeals from the Industrial Commission, the Commission's findings of fact must be sustained if there is competent evidence in the record to support them. *Lawrence v. Hatch Mill*, 265 N.C. 329, 144 S.E.2d 3 (1965). This is so even if there is evidence which would support a contrary finding, because "courts are not at liberty to reweigh the evidence and to set aside the findings of the Commission, simply because other inferences could have been drawn and different conclusions might have been reached." *Rewis v. Insurance Co.*, 226 N.C. 325, 330, 38 S.E.2d 97, 100 (1946).

*Hill v. Hanes Corp.*, 319 N.C. 167, 172, 353 S.E.2d 392, 395 (1987); *see also* N.C.G.S. § 97-86 (2007) ("The award of the Industrial Commission . . . shall be conclusive and binding as to all questions of fact . . . ."); *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965) ("The Workmen's Compensation Act, G.S. 97-86, vests the Industrial Commission with full authority to find essential facts. The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. The courts may set aside findings of fact only upon the ground they lack evidentiary support. The court does not have the right to weigh the evidence and decide the issue on the basis of its weight." (citations omitted)); *Johnson v. Erwin Cotton Mills Co.*, 232 N.C. 321, 322, 59 S.E.2d 828, 829 (1950) (holding that, because "[t]he evidence permits the inferences therefrom which were drawn by the Commission, though other inferences appear equally plausible," "[t]he courts are not at liberty to reweigh the evidence because different conclusions might have been reached." (citations omitted)); *Riddick v. Richmond Cedar Works*, 227 N.C. 647, 648, 43 S.E.2d 850, 851 (1947) ("Where the record is such as to permit either finding [a compensable or non-compensable injury], the determination of the Industrial Commission is conclusive on appeal." (citations omitted)); *Johnson v. Asheville Hosiery Co.*, 199 N.C. 38, 41-42, 153 S.E. 591, 593 (1930) (holding that, when there is evidence to support a finding by the Commission, "whether the Appellate Court agrees with the conclusion of the Commission or not, the finding of such fact is conclusive, by express declaration of the statute").

Indeed, the bulk of the majority opinion concentrates on whether plaintiff's actual notice of her injury to defendant-employer was

somehow sufficient to trigger defendant-employer's duties under N.C.G.S. § 97-92 to keep a record of the injury and file a report with the Industrial Commission. This distraction from the actual question at hand is a classic straw man, as that issue has already been definitively decided and is not before us for review. Moreover, the majority's emphasis and reliance for its holding on the extent to which the issue of actual notice was disputed at trial impermissibly allow defendants yet another bite at the apple—their third, at least—regarding this issue, which has been conclusively decided in plaintiff's favor.

This case presents us with the Commission's finding and conclusion that defendant-employer had actual notice of plaintiff's work-related injury when she immediately reported it to her team leader, received a back brace from her supervisor, and was sent by her supervisor to human resources. The Commission further concluded that "plaintiff's failure to give written notice within 30 days is reasonably excused because plaintiff did not reasonably know of the nature, seriousness, or probable compensable character of her injury until after extensive treatment." Given these binding findings and conclusions, the sole question before us is whether, as a matter of law, the Full Commission is required under N.C.G.S. § 97-22 to make findings regarding prejudice when a defendant-employer has actual knowledge of a plaintiff-employee's injury. In pertinent part, the statute provides:

> Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, . . . *unless it can be shown that the employer, his agent or representative, had knowledge of the accident,* . . . but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

N.C.G.S. § 97-22 (2007) (emphasis added). Notably, in *Richardson* we analyzed N.C.G.S. § 97-22 and observed that "in enacting N.C.G.S. § 97-22, the General Assembly did not intend to require an injured worker to give written notice when the employer has actual notice of her on-the-job injury, as the employer had here." 362 N.C. at 658, 669 S.E.2d at 583. Here, even though the employer had immediate knowl-

GREGORY v. W.A. BROWN & SONS

[363 N.C. 750 (2010)]

edge, and failed to carry out its own statutory duty to investigate, plaintiff also gave detailed written notice less than four months later, when she filed her Form 18 Notice of Accident to Employer and Claim of Employee for Workers' Compensation Benefits.

In *Richardson* we explicitly discussed both the requirements under N.C.G.S. § 97-22 and the potentially prejudicial effect of a lack of notice:

> The plain language of section 97-22 requires an injured employee to give written notice of an accident "unless it can be shown that the employer, his agent or representative, had knowledge of the accident." *When an employer has actual notice of the accident, the employee need not give written notice, and therefore, the Commission need not make any findings about prejudice.* The second clause of N.C.G.S. § 97-22, following the semicolon, applies to those cases in which written notice is required because the employer has no actual notice of the accident. It explains that an employee may be excused from even that requirement by providing a reasonable excuse for failing to give notice and by showing that the employer has not been prejudiced. Here, the employer's immediate actual notice of plaintiff's injury by accident satisfied the purposes of section 97-22 . . . . Moreover, *although we now hold it was not required to do so*, the Commission specifically concluded that the employer here suffered no prejudice . . . .

*Id.* at 663-64, 669 S.E.2d at 586-87 (emphases added) (emphasis omitted).

Thus, as established in *Richardson*, if a defendant-employer has actual knowledge of a plaintiff-employee's work-related injury, N.C.G.S. § 97-22 does not require the employee to provide written notice or the Full Commission to make explicit findings about prejudice, or the lack thereof, to the defendant-employer. Certainly, it is logical that, if a defendant-employer has *actual knowledge* of an injury, the Full Commission has no need to be "satisfied that the employer has not been prejudiced" by the employee's "not giving such notice," N.C.G.S. § 97-22, as there can be no prejudice due to lack of knowledge when there is, in fact, no lack of knowledge.[4] This

4. Following this logic, I note the absurdity of the majority's disposition here, to once again remand this case to the Full Commission "with instructions to enter findings of fact and conclusions of law regarding the issue of prejudice," concerning an injury that occurred more than eight years ago.

result is also entirely consistent with the purpose of the notice statute. *See* 7 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* ch. 126, at 126-1 (Dec. 2007) [hereinafter *Larson's Workers' Compensation Law*] ("Since the purpose of the notice requirement is to enable the employer to protect itself by prompt investigation and treatment of the injury, failure to give formal notice is usually no bar if the employer had actual knowledge or informal notice sufficient to indicate the possibility of a compensable injury . . . ."); *id.* § 126.03[1][a] ("The present tendency is to excuse lack of notice whenever the employer acquired actual knowledge of the accident, no matter how that knowledge was acquired."); *see also* J. Maynard Keech, *Workmen's Compensation in North Carolina 1929-1940*, at 49 (1942) ("When delay of notice beyond thirty days is excused by the Commission because the employer was not prejudiced, . . . *or when the employer had knowledge of the accident or death*, the employee . . . is not barred from compensation." (emphasis added)); *id.* app. A at 174 ("Employee or representative must report immediately by written notice to employer or agent (*unless these had knowledge of fact*) the facts of injury or death." (emphasis added) (summary of accident reporting provisions of N.C. Workmen's Compensation Law)).

This analysis likewise conforms with the standard practice in the majority of jurisdictions throughout the country concerning the possible prejudicial effects of failure to comply with the notice-of-injury requirement. *See Larson's Workers' Compensation Law* § 126.04[4], at 126-16 ("The requirement [of notice] is no mere technicality. It serves a specific function in protecting the legitimate rights of the employer . . . . Accordingly, there is no lack of cases in which compensation claims have foundered on the rock of prejudice to the employer due to *noncompliance with the notice provision*." (emphasis added)); *see also Booker v. Duke Med. Ctr.*, 297 N.C. 458, 481, 256 S.E.2d 189, 204 (1979) (observing that the notice-of-injury requirement "allows the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury, and it facilitates the earliest possible investigation of the circumstances surrounding the injury." (citation omitted)).

---

The Commission has already found and concluded that defendant-employer had actual notice of the injury. Now, the majority would require the Commission to enter yet another opinion and award—its third in this case, not including that of the deputy commissioner—to enter a finding that would essentially amount to "defendant-employer was not prejudiced by a lack of notice because defendant-employer did have notice." A remand is an unnecessary waste of time and resources.

North Carolina courts have also followed this practice: as the dissenting opinion in the Court of Appeals noted, that court has held in numerous prior opinions that actual knowledge of an injury negates any requirement to make a finding regarding prejudice. *Gregory v. W.A. Brown & Sons*, 192 N.C. App. 94, 111-12, 664 S.E.2d 589, 599 (2008) (Jackson, J., dissenting in part) (referring to such a holding in *Legette v. Scotland Mem'l Hosp.*, 181 N.C. App. 437, 448, 640 S.E.2d 744, 752 (2007), *appeal dismissed and disc. rev. denied*, 362 N.C. 177, 658 S.E.2d 273 (2008), and citing *Davis v. Taylor-Wilkes Helicopter Serv., Inc.*, 145 N.C. App. 1, 11, 549 S.E.2d 580, 586 (2001), and *Sanderson v. Ne. Constr. Co.*, 77 N.C. App. 117, 123, 334 S.E.2d 392, 395 (1985)); *see also Richardson v. Maxim Healthcare/Allegis Grp.*, 188 N.C. App. 337, 358-60, 657 S.E.2d 34, 47-48 (Wynn, J., dissenting in part) (discussing *Jones v. Lowe's Cos.*, 103 N.C. App. 73, 76-77, 404 S.E.2d 165, 167 (1991), and *Chavis v. TLC Home Health Care*, 172 N.C. App. 366, 378, 616 S.E.2d 403, 413 (2005), *appeal dismissed*, 360 N.C. 288, 627 S.E.2d 464 (2006)), *aff'd in part, rev'd in part*, 362 N.C. 657, 669 S.E.2d 582 (2008). Likewise, the Court of Appeals majority in this case quoted *Lakey v. U.S. Airways, Inc.*, in which an earlier panel more recently held that, "[f]ailure of an employee to provide written notice of her injury will not bar her claim where the employer has actual knowledge of her injury," 155 N.C. App. 169, 172, 573 S.E.2d 703, 706 (2002) (citations omitted), *disc. rev. denied*, 357 N.C. 251, 582 S.E.2d 271 (2003), as well as the older case of *Chilton v. Bowman Gray School of Medicine*, 45 N.C. App. 13, 18, 262 S.E.2d 347, 350 (1980).

Moreover, the case relied on by the majority, *Singleton v. Durham Laundry Co.*, 213 N.C. 32, 195 S.E. 34 (1938), did not involve the factual situation presented here, namely, an employer who had actual knowledge of the employee's injury. Rather, in *Singleton*, "[t]he record further shows that at the same time the defendants denied liability, for that the matter was never reported, *the employer had no knowledge that the accident existed until the notice was received from the Industrial Commission*." *Id.* at 33-34, 195 S.E. at 35 (emphasis added). Significantly, the language from *Singleton* quoted by the majority, that an employee "is not entitled to recover unless he can show that he has complied with the provisions of the statute in respect to the giving of a notice," uses an indefinite article, referring to "*a* notice," suggesting that either actual knowledge or written notice would be sufficient to satisfy the statutory requirement.

Similarly, contrary to the majority's assertion that "[t]he principles set forth in section 97-22 and elucidated in *Singleton* were recently reiterated in *Watts v. Borg Warner Automotive, Inc.*, 171 N.C. App. 1, 613 S.E.2d 715 (2005)," we issued no written opinion in that case, instead simply affirming per curiam a decision by the Court of Appeals in a case that did not implicate the question of actual knowledge but only involved the employee's delay in providing written notice. *See* 360 N.C. 169, 622 S.E.2d 492 (2005) (per curiam). This Court has, in fact, concluded explicitly that an employer's actual knowledge obviates the need for written notice: we did so one year ago in *Richardson*. As we noted there, our decision was in keeping with the numerous Court of Appeals opinions outlined above, the prevailing practice in jurisdictions around the country, and the purpose of the notice requirement. *See Richardson*, 362 N.C. at 663, 669 S.E.2d at 586 ("When an employer has actual notice of the accident, the employee need not give written notice, and therefore, the Commission need not make any findings about prejudice.").

If a defendant-employer has actual knowledge of an injury, as it did here, yet itself fails to take action either to "minimiz[e] the seriousness of the injury" or to "investigat[e] . . . the circumstances surrounding the injury," *Booker*, 297 N.C. at 482, 256 S.E.2d at 204, then any prejudice it suffers due to that failure cannot be attributed to the plaintiff-employee. Any prejudicial effect is therefore irrelevant to the Full Commission's evaluation of the employee's claim for workers' compensation. *Cf. Larson's Workers' Compensation Law* § 126.04[5] ("Once the record shows that the required notice *has not been given*, the fatal effect of this showing must be offset by definite findings showing the kind of excuse or lack of prejudice that will satisfy the statute." (emphasis added)).

Finally, this interpretation of N.C.G.S. § 97-22 is also in keeping with our long-standing directive that the Worker's Compensation Act must be liberally construed to effectuate its purpose of providing compensation to employees injured during the course and within the scope of their employment. *Essick v. City of Lexington*, 232 N.C. 200, 208, 60 S.E.2d 106, 112 (1950); *see also Keller v. Elec. Wiring Co.*, 259 N.C. 222, 225, 130 S.E.2d 342, 344 (1963) ("The Compensation Act requires that it be liberally construed to effectuate the objects for which it was passed—to provide compensation for workers injured in industrial accidents."); *Thomas v. Raleigh Gas Co.*, 218 N.C. 429, 433, 11 S.E.2d 297, 300 (1940) ("It is a familiar rule that the terms of the

Workmen's Compensation Act must be liberally construed and liberally applied." (citations omitted)).

This liberal construction prevents the sort of denial of benefits engaged in by the majority here, namely, "upon technical, narrow and strict interpretation" of the Act, in contravention of its purpose. *Graham v. Wall*, 220 N.C. 84, 90, 16 S.E.2d 691, 694 (1941); *see also Hall v. Thomason Chevrolet, Inc.*, 263 N.C. 569, 577, 139 S.E.2d 857, 862 (1965) ("In the absence of other than technical prejudice to the opposing party, the liberal spirit and policy, of the Compensation Act should not be defeated or impaired by a too strict adherence to procedural niceties." (citations and quotation marks omitted)); *Johnson*, 199 N.C. at 40, 153 S.E. at 593 ("It is generally held by the courts that the various Compensation Acts of the Union should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow, and strict interpretation."). Thus, our history of liberal construction has been in favor of the claimant. *See, e.g., Derebery v. Pitt Cty. Fire Marshall*, 318 N.C. 192, 199, 347 S.E.2d 814, 819 (1986) ("This liberal construction in favor of claimants comports with the statutory purpose of allocating the cost of work-related injuries first to industry and ultimately to the consuming public." (citing *Petty v. Associated Transp., Inc.*, 276 N.C. 417, 173 S.E.2d 321 (1970) and *Vause v. Vause Farm Equip. Co.*, 233 N.C. 88, 63 S.E.2d 173 (1951))).

Here, the Full Commission both found as fact and concluded as a matter of law that defendant-employer had immediate actual knowledge of plaintiff's work-related injury, on the day that it occurred. Even though plaintiff's supervisor provided plaintiff a back brace, referred her to human resources, and knew that plaintiff was unable to return to her job for a substantial period thereafter, defendants failed to investigate the claim, as required by statute, or to take any action to mitigate the effects of the injury. As such, the notice-of-injury requirement under N.C.G.S. § 97-22 was satisfied, and under our holding in *Richardson*, the Full Commission was not required to make any additional findings about prejudice, or the lack thereof, to defendants.

The majority opinion attempts to have it both ways: claim that it is consistent with *Richardson* by improperly limiting that holding to its facts, while simultaneously turning that holding on its head by requiring the Commission to make findings and conclusions on prejudice "regardless of whether the employer had actual notice of the

accident." Even worse, the majority's discussion of what kind of actual notice is "sufficient" and their so-called "test" for the same create uncertainty and confusion in the law regarding the degree to which actual knowledge must be disputed, or when such knowledge might obviate the need for written notice.

I would abide by stare decisis and apply our recent, unanimous decision in *Richardson* and the proper standard of review to the Full Commission's findings of fact. Thus, I would affirm the Court of Appeals decision upholding the Full Commission's opinion and award.

Justice TIMMONS-GOODSON joins in this dissenting opinion.